# UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |
|---|---|
| **LG Chem, Ltd., and LG Chem America, Inc.,** ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> **United States,** ) <br> ) <br> Defendant. ) | Court No. 20-00096 |

## COMPLAINT

Plaintiffs LG Chem Ltd., and LG Chem America, Inc. ("LGCAI") (collectively "LG Chem" or "Plaintiffs") by and through their counsel, state the following claims against Defendant the United States:

## JURISDICTIONAL STATEMENT

1. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1581(c) because the action is commenced under Section 516A of the Tariff Act of 1930, as amended, 19 U.S.C. § 1516a.  This action contests the final determination issued by the U.S. Department of Commerce ("Commerce") in the final affirmative determination in the antidumping duty investigation concerning Acetone from the Republic of Korea (Commerce Case No. A-580-899).  *See Acetone from the Republic of Korea: Final Determination of Sales at Less Than Fair Value*, 85 Fed. Reg. 8,252 (Feb. 13, 2020)

("Final Determination"), as amended by *Correction to Antidumping Duty Orders*, 85 Fed. Reg. 21,391 (Apr. 17, 2020).

2. Commerce's analysis of issues raised in the Final Determination is contained in the memorandum titled "Issues and Decision Memorandum for the Final Affirmative Determination in the "Less-Than-Fair-Value Investigation of Acetone from the Republic of Korea" dated February 6, 2020 ("Final IDM").

## STANDING OF PLAINTIFFS

3. Plaintiff LG Chem, Ltd. is a producer and exporter of the subject merchandise in Korea. Plaintiff LGCAI is a wholly owned subsidiary of LG Chem, Ltd. and is a U.S. importer of subject merchandise produced by LG Chem. Plaintiffs are, therefore, interested parties as defined in section 771(9)(A) and 516A(f)(3) of the Tariff Act of 1930 (as amended), 19 U.S.C. §§ 1677(9)(A) and 1516a(f)(3). Plaintiffs fully participated in the proceeding being challenged.

4. Accordingly, Plaintiffs individually have standing to bring this action under 19 U.S.C. § 1516a(d) and 28 U.S.C. § 2631(c).

## TIMELINESS OF THIS ACTION

5. Commerce published a notice of the contested antidumping duty investigation final determination in the Federal Register on February 13, 2020, however, the Antidumping Duty Order was not issued until March 31, 2020. *See Acetone From Belgium, the Republic of South Africa, and the Republic of Korea: Antidumping Duty*

*Orders*, 85 Fed. Reg. 17,866 (March 31, 2020) ("AD Order"). This action is commenced with the filing of the Summons on April 28, 2020, within 30 days after publication of the AD Order. Accordingly, this action is timely commenced pursuant to 19 U.S.C. § 1516a(a)(2)(A)(i)(II).

## STATEMENT OF FACTS

6. On February 9, 2019, Petitioner, Coalition for Acetone Fair Trade (the "Coalition" or "Petitioner"), consisting of AdvanSix Inc. ("AdvanSix"), Altivia Petrochemicals, LLC ("Altivia"), and Olin Corporation ("Olin"), filed with Commerce the antidumping petition against imports of Acetone from the Republic of Korea. *See* Petitions for the Imposition of Antidumping Duties on behalf of the Coalition for Acetone Fair Trade (Feb. 9, 2019) (hereinafter the "Petition"). On March 11, 2019 Commerce initiated this investigation. *See Acetone from Belgium, the Republic of Korea, the Kingdom of Saudi Arabia, Singapore, the Republic of South Africa, and Spain: Initiation of Less-Than-Fair Value Investigations*, 84 Fed. Reg. 9,755 (March 18, 2019) (applicable March 11, 2019).

7. Commerce selected LG Chem as a mandatory respondent in the underlying AD investigation. *See Acetone From the Republic of Korea: Preliminary Affirmative Determination of Sales at Less Than Fair Value, Postponement of Final Determination, and Extension of Provisional Measures*, 84 Fed. Reg. 50,005 (Sept. 24, 2019) ("Preliminary Determination").

8. On August 29, 2019 Petitioner submitted Pre-Preliminary comments requesting that Commerce adopt a cost allocation methodology that deviated from LG Chem's normal course of business. *See* Acetone from Korea: Petitioner's Pre-Preliminary Comments Regarding LGC's Cost Response, dated August 29, 2019.

9. In response to Petitioner's Pre-Preliminary comments, LG Chem submitted Rebuttal Comments on September 9, 2019. *See* LG Chem's Rebuttal Comments to Petitioner's Pre-Prelim Comments, Acetone from the Republic of Korea, dated September 9, 2019. Then, on September 10, 2019, Petitioner submitted a letter requesting that Commerce reject and remove from the record factual information contained in LG Chem's September 9th Rebuttal Comments. *See* Acetone from Korea: Request To Reject LGC's Untimely New Factual Information, dated September 10, 2019.

10. On September 23, 2019, Commerce published the preliminary affirmative determination in the antidumping duty investigation of Acetone from the Republic of Korea. *See Preliminary Determination*, 84 Fed. Reg. 50,005. Therein, Commerce preliminary assigned LG Chem an estimated weighted average dumping rate of 7.67 percent. *Id.* at 50,006.

11. On October 17, 2019, Commerce issued a letter to LG Chem requesting that LG Chem either withdraw its September 9th Rebuttal Comments or explain how the factual information contained in those comments rebutted, clarified, or corrected allegations, rather than factual information submitted by the Petitioner to rebut, clarify, or

correct LG Chem's questionnaire responses. *See* Letter from Sean Carey to LG Chem, Ltd., re: Acetone from the Republic of Korea: LG Chem, Ltd.'s Comments on Petitioner's Pre-Prelim Comments, dated October 17, 2019.

12. On October 18, 2019, LG Chem submitted a letter to Commerce explaining how the factual information in its rebuttal comments rebutted and clarified information submitted in Petitioner's Pre-Preliminary comments in accordance with 19 C.F.R. § 351.102(b)(21)(ii).

13. On October 22, 2019 Petitioner again requested that Commerce reject LG Chem's rebuttal comments because the new factual information contained in the petitioner's pre-preliminary comments do not constitute "other allegations" pursuant to 19 C.F.R. § 351.301(c)(2)(v), and thus there could be no new factual information of the type set forth in 19 C.F.R. § 351.102(b)(21)(ii).

14. In response to Petitioner's request and LG Chem's October 17th letter, Commerce rejected certain new information in LG Chem's September 9th Rebuttal Comments and required LG Chem to resubmit its rebuttal comments without such information. *See* Letter from Sean Carey to LG Chem, Ltd., re: Acetone from the Republic of Korea: Rejection and Refiling of Portions of LG Chem, Ltd.'s Rebuttal Comments, dated October 25, 2019. On October 28, 2019 LG Chem complied with Commerce's request, and resubmitted its Rebuttal Comments without certain factual information expressing that it disagreed with Commerce's decision to reject certain

factual information. *See* LG Chem's Refiled Rebuttal Comments, dated October 25, 2019.

15. Between October 28 and November 19, 2019, Commerce conducted cost and sales verifications of LG Chem Ltd, and LGCAI. *See* Memorandum to the File, Verification of the Cost Response of LG Chem, Ltd., in the Antidumping Duty Investigation of Acetone from the Republic of Korea, dated December 17, 2019; *see also* Memorandum to the File, Verification of the Questionnaire Responses of LG Chem, Ltd. and LG Chem America, Inc. in the Antidumping Duty Less Than Fair Value Investigation of Acetone from the Republic of Korea, dated December 23, 2019.

16. Plaintiffs submitted a case brief and a rebuttal brief to Commerce on January 7, 2020, and January 13, 2020 raising multiple legal and factual issues concerning Commerce's preliminary determination.

17. On January 23, 2020, Commerce held a hearing with interested parties and Plaintiffs presented oral arguments on those same legal and factual issues contained in its case and rebuttal briefs. *See* Hearing Transcript, Public Hearing in the Matter of the Less-Than-Fair-Value Investigation of Acetone from the Republic of Korea, dated January 23, 2020.

18. On February 13, 2020, Commerce published the final affirmative determination in the antidumping duty investigation of Acetone from the Republic of Korea. *See Final Determination,* 85 Fed. Reg. 8,252. In the final determination,

Commerce assigned LG Chem a 25.05 percent dumping margin. *Id.* at 8,253. On March 31, 2020, Commerce published the *AD Order* with no change made to its Final Determination. *See AD Order*, 85 Fed. Reg. 17,866 (as amended by 85 Fed. Reg. 21,391 (Apr. 17, 2020)).

## STATEMENT OF CLAIMS

19. In the following respects, and for other reasons apparent from the administrative record of Commerce's antidumping duty investigation of Acetone from the Republic of Korea, Commerce's decision in the *Final Determination* concerning Plaintiffs LG Chem is not supported by substantial evidence on the record and is otherwise not in accordance with law.

**Count 1:   Commerce's Adjustment of LG Chem's Normal Cost Allocation Methodology Is Contrary To Law And Unsupported By Substantial Evidence**

20. Plaintiffs hereby re-allege and incorporate by reference paragraphs 1 through 19.

21. The statute at 19 U.S.C § 1677b(f)(1)(A) provides that Commerce "shall normally" calculate costs,

> based on the books and records of the exporter or producer of the merchandise, if such records are kept in accordance with the generally accepted accounting principles of the exporting country (or the producing country, where appropriate) and reasonably reflect the costs associated with the production and sale of the merchandise.

22. Commerce and the courts have recognized on multiple occasions the two basic requirements of this provision. First, that costs shall normally be calculated based on the books and records of the company under investigation. And second, that that the normal allocation method needs to "reasonably reflect the costs associated with the production and sale of the merchandise."

23. The dispute in this case was not over the first requirement, but over the second requirement that the normal allocation method needs to "reasonably reflect the costs associated with the production and sale of the merchandise."

24. The evidentiary record did not demonstrate that LG Chem's normal cost allocation methodology did not reasonably reflect costs of production and sale of the merchandise. LG Chem's cost allocation methodology took the total cost of production for subject product and co-products and allocated them based on the sum of net realizable value ("NRV") of each product. The NRV of each product is determined based on the relative production quantity multiplied by the estimated relative price of each co-product, and the relative prices are reasonably determined based on third party market benchmarks.

25. Accordingly, Commerce's determination to depart from LG Chem's normal cost allocation that was used in LG Chem's normal books and records, that were in accordance with Korean IFRS and reasonably allocated costs, is not consistent with the

statute, court precedent, or Commerce practice, and therefore is not in accordance with law.

26. In addition, Commerce's departure was also not supported by substantial evidence given that LG Chem's NVR allocation methodology was reflected in its normal books and records, was in accordance with the Korean IFRS and reasonably reflected the cost of production and sale of acetone.

**Count 2:   Commerce's Rejection of Rebuttal Factual Information Pertaining To LG Chem's Costs Was Unlawful And An Abuse of Discretion**

27. Plaintiffs hereby re-allege and incorporate by reference paragraphs 1 through 26.

28. Commerce's regulations explicitly permit interested parties to submit new factual information to rebut, clarify or correct factual information supporting an allegation. 19 C.F.R. § 351.301(c)(2)(vi); *see also* 19 C.F.R. § 351.102(b)(21)(ii). Specifically, Section 351.301(c)(vi) provides that within 10 days of the date on which the party is served with factual information, it may submit information to rebut, clarify or correct such information.

29. That is precisely what LG Chem did when it submitted factual information in its Rebuttal Comments: provided factual information to rebut and clarify allegations contained in Petitioner's Pre-Preliminary comments. Consequently, Commerce's decision to reject the rebuttal factual information submitted by LG Chem was unlawful because it was inconsistent with Commerce's own regulations.

30.     Moreover, even if LG Chem's submission of rebuttal factual information was untimely, Commerce nonetheless abused its discretion when rejecting such information. Both the Federal Circuit and the Court of International Trade have consistently ruled that Commerce does not have *carte blanche* authority to reject proffered factual information just because the information that was being submitted to Commerce was beyond a regulatory or internal deadline. Both the Federal Circuit and the Court of International Trade have ruled that Commerce abuses its discretion when it rejects proffered rebuttal factual information when: (1) the proffered additional information is important for Commerce to render an accurate and correct determination; (2) when Commerce had sufficient time to review and consider the new factual information, and (3) whether the party was diligent in its efforts to submit its rebuttal factual information.

31.     In the underlying proceeding there is no dispute that (1) the rebuttal factual information proffered by LG Chem was important, (2) Commerce had plenty of time to review the rebuttal factual information given that LG Chem submitted it to Commerce 151 days prior to the Final Determination, and (3) there can be no question that LG Chem was diligent in providing the information given the LG Chem submitted the rebuttal factual information just days after receiving Petitioner's allegation. Consequently, Commerce's decision to reject LG Chem's rebuttal factual information constitutes an unlawful abuse of discretion.

**Count 3:   Commerce's Determination To Use Company-Wide General and Administrative Expenses ("G&A") Instead Of Divisional G&A Expenses That LGC Submitted Is Not Supported By Substantial Evidence And Is Otherwise Not In Accordance With The Law**

32. Plaintiffs hereby re-allege and incorporate by reference paragraphs 1 through 31.

33. The definition of the G&A expenses (to be included in the cost of production set forth in 19 U.S.C. § 1677b(b)(2)(3)) provides that any G&A included in cost of production be based on the "production and sale of the foreign like product" under investigation.  Thus, the statute requires a focus on the "foreign like product"– the product being investigated – and not overall production operations.

34. This statutory guidance is important when dealing with large diversified companies such as LG Chem, which produces many different products.  As LG Chem demonstrated, (1) LG Chem is a large and diversified chemical manufacturer, (2) the general expenses of manufacturing a basic chemical like acetone are different than LG Chem's other businesses that are unrelated to basic chemicals, (3) most of the G&A expenses are not allocated, but rather separately tracked by division, (4) LG Chem uses this allocation system in the ordinary course of business, and (5) the divisional G&A expenses more closely represent the general expenses of producing acetone.

35. By ignoring the divisional breakdown of expenses, Commerce wandered too far from the product under investigation and thus from the statutory mandate to focus on the cost of production of the product under investigation and exercise its discretion to

calculate division-wide G&A expenses for the final determination in this proceeding. Consequently, Commerce's decision to utilize company-wide financial statements, rather than the division profit and loss statement to calculate the G&A ratio is not supported by substantial evidence and is not in accordance with law.

**PRAYER FOR JUDGMENT AND RELIEF**

WHEREFORE, for the foregoing reasons, Plaintiffs pray that this Court enter judgment as follows:

(A)  Enter judgment in favor of Plaintiffs;

(B)  Hold as unlawful Commerce's final AD determination with regard to Plaintiffs that is the subject of this Complaint;

(C)  Remand this proceeding to Commerce with instructions to publish a revised final determination; and

(D)  Grant Plaintiffs such additional relief as the Court may deem just and proper.

Respectfully submitted,

/s/ Daniel L. Porter

Daniel L. Porter
James P. Durling
Kimberly A. Reynolds

**Curtis Mallet-Prevost, Colt & Mosle LLP**
1717 Pennsylvania Avenue, N.W.
Washington, D.C.  20006
202-452-7373

*Counsel for Plaintiffs*

Dated:  May 26, 2020